UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAYLAH BALTER,<br><br>               Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>               Defendant. | CASE NO. C13-5403 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SHOW CAUSE |

This matter comes before the Court on Defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion for order to show cause (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 10, 2006, Plaintiff Gaylah Balter filed a complaint in the Eastern District of New York against Novartis alleging damages as a result of Novartis's drugs. Dkt. 1. On June 6, 2006, the case was transferred to the Middle District of Tennessee and consolidated pursuant to a multidistrict litigation order.

On May 28, 2013, the case was transferred to this district and assigned to the undersigned. Dkt. 13.

On October 17, 2013, Novartis filed the instant motion arguing that Gaylah Balter is deceased and the personal representative may not be the proper party to pursue this action. Dkt.

25.  On October 28, 2013, Plaintiff Anaya Balter responded.  Dkt. 27.  On November 1, 2013, Novartis replied.  Dkt. 29.

## II. DISCUSSION

Fed. R. Civ. P. 25(a) allows for substitution of the proper party if a claim is not extinguished upon a party's death.

In this case, Novartis argues that the current plaintiff, Anaya Balter acting as the personal representative of Gaylah Balter's estate, may not be the proper party to this lawsuit.  Novartis asserts that Gaylah Balter's estate has been closed and that it was distributed to two individuals and a trust.  Anaya Balter counters that the issue should be brought before the Court as a motion to dismiss and not as a motion for order to show cause.  The Court disagrees because the resolution of these issues will be most efficiently addressed at this time.  Therefore, the Court grants Novartis's motion.

Finally, Plaintiff's counsel's *pro hac vice* status has been "pending" for more than five months.  Counsel shall obtain local counsel, file a proper application, and follow the rules of the district or the Court will impose sanctions.

## III. ORDER

Therefore, it is hereby **ORDERED** that Novartis's motion for order to show cause (Dkt. 25) is **GRANTED**.

Dated this 14th day of November, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2